## CHARLES J. BORCHSENIUS

### v.

## ANNA IRGENS.

STATEMENT—SET-OFF.—Appellee sued appellant on a note for $850. Appellant pleaded *inter alia* that the husband of appellee, being indebted to appellant, procured an insurance on his life, and delivered the policy to appellant to secure payment of said debt; that appellee, desiring to secure the insurance on her husband's life, agreed with appellant to pay to him such sum as would be found due from her late husband to appellant upon a settlement of their partnership matters, in consideration that he would assign said policy to her, which was done, the money collected, and $850 paid to appellant, for which said note was given. *Held*, that the agreement constituted an original contract between appellant and appellee, and that appellant's set-off of the amount due from the deceased husband should have been allowed against the note.

APPEAL from the Circuit Court of LaSalle county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed May 2, 1879.

Messrs. Richolson & Snow for appellant.

Mr. J. H. FOWLER, Mr. CHASE FOWLER and Mr. John B.

RICE, for appellee; that the partnership accounts between appellant and appellee's deceased husband could only be settled in County Court, cited Rev. Stat. 1874, 120; Breckenridge v. Ostrom, 79 Ill. 71.

PILLSBURY, P. J.   This is an action of assumpsit commenced by the appellee against the appellant upon a promissory note, dated Feb. 29, 1876, and due one day after date, with ten per cent. interest, and for the sum of $850.

The defendant filed three pleas, the third of which averred, in substance, that Frederick Irgens, the husband of the plaintiff, a short time previous to his marriage with the plaintiff, was indebted to the defendant in about the sum of $600, and for the purpose of securing the defendant, said Irgens insured his life for $1,000, and delivered the policy of insurance to the defendant; that the defendant paid the premium on said policy out of his own money, and soon thereafter said Irgens married the plaintiff, and about six months after said marriage, died, leaving the plaintiff his widow; that defendant still held said policy as security for said debt, the same not having been paid, and the plaintiff being desirous of obtaining said policy, for the purpose of having the same collected and paid over to her, she and the defendant agreed that they would select arbitrators who should examine and report how much Irgens would be indebted to defendant upon a settlement of their partnership matters, they having been partners in business, and upon an award being made the defendant should surrender such policy for her benefit, and out of the money arising therefrom she would pay such award.   The plea further avers, that under such submission, which was in writing, signed and sealed, arbitrators were selected and an award made, finding that Irgens was indebted to the defendant in the sum of $486.-25; that such award was satisfactory to the plaintiff, who agreed to pay it; that thereupon defendant delivered said policy of insurance up, and the same was collected, and the amount paid to the plaintiff as specific allowance awarded by the County Court; that she received as such allowance all the estate of her said husband; that the plaintiff, after the receipt of

said money, paid over to the defendant the sum of $850, for which said note was given, concluding with an offer to set off said sum against the plaintiff's claim upon the note.

To this plea the court sustained a demurrer, and defendant abided by the plea and went to trial upon the others.

It is urged in support of the demurrer, that as Irgens was a partner of the defendant, the partnership estate must be settled under the statute through the Probate Court, and the plaintiff could not submit the indebtedness to defendant to arbitration.

It appears by the averments of the plea, that the defendant held the policy of insurance as a pledge for the payment of such indebtedness.    The defendant then had a lien upon it for the payment thereof that he could enforce, and if he surrendered such pledge at the request of the plaintiff, who it appears, well knew she would obtain all the money arising therefrom, such surrender would be a sufficient consideration to support a promise upon her part to pay said indebtedness.

So far as we can see, the contract was fairly entered into and based not only upon a valuable but adequate consideration, and between parties capable of contracting.

By her promise to pay out of the fund the indebtedness for which appellant held the policy, he allowed her to control its collection and receive the whole $1,000, being the amount of the policy, and she having turned over to him the sum of $850 of it, for which he gave the note, we are of the opinion that he has a proper set-off to the amount found to be due by the arbitrators regularly chosen by them.

The question whether this settlement would be binding upon the administrator of Irgens does not arise upon this record, therefore we do not pass upon it, but place our decision upon the ground that the contract alleged in the plea was an original one between the parties, and no legal objection appearing to it, the court should enforce it as made.

A point is made by the appellant that he should be allowed as a set-off the sum of about $100, consisting of a running account for goods obtained by and charged to Irgens, from the store of Irgens and appellant.    So far as appears by this record, this account was due to the firm, and was included in

the amount found due Borchsenius from Irgens by the arbitrators, and as we hold that he is entitled to set-off the award under the contract between him and the appellee, this necessarily disposes of any account due from Irgens to him at the time of the award.

For the reasons above given, the judgment must be reversed and the cause remanded, with leave to the plaintiff to reply to the third plea, if she shall be so advised.

Judgment reversed.